**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02510-RPM

CONTINENTAL MATERIALS CORPORATION,

        Plaintiff,

v.

VALCO, INC.,

        Defendant.

---

**STIPULATED PROTECTIVE ORDER CONCERNING**
**CONFIDENTIAL INFORMATION**

---

The Court, having reviewed the Parties' Stipulated Protective Order Concerning Confidential Information, being fully apprised in the premises, and good cause appearing therefor, hereby enters the following Protective Order Concerning Confidential Information ("Order") on the terms set forth below:

1. In this action, entitled *Continental Materials Corp. v. Valco, Inc.*, Civil Action No. 1:14-cv-02510-RPM (D. Colo.), Plaintiff Continental Materials Corporation and Defendant Valco, Inc. (individually, "Party," and collectively, "Parties") and nonparties may disclose documents and information: (1) relating to the representation of a third party client, (2) constituting or containing financial or other business or trade secret information of a proprietary, confidential, or commercially sensitive nature, or (3) invading an individual's legitimate privacy interests. For purposes of this Order, this information shall be referred to as "Confidential Information."

2.  The Party or nonparty that in good faith believes the documents and information contain Confidential Information and produces or discloses the Confidential Information shall be the "Designating Party."

3.  Confidential Information may include:

    a.  Information set forth in response to discovery requests, including initial disclosures and in response to a subpoena;

    b.  Information set forth in documents produced in response to a request for production;

    c.  Information disclosed during depositions;

    d.  Any other information disclosed by the Designating Party to any other Party, directly or through its counsel, that the Designating Party claims in good faith to be Confidential Information, if the Designating Party, before disclosure to another Party, marks the Confidential Information with the label or stamp as set forth in Paragraph 4 below. If the Confidential Information is in oral or other intangible form, the Designating Party shall identify the information as Confidential Information and, if practical, within thirty (30) days after disclosure reduce the Confidential Information to written form with one of the labels or stamps set forth in Paragraph 4 below;

    e.  Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (a) through (d) above.

4.  Documents that contain any Confidential Information shall be stamped or labeled:

    "CONFIDENTIAL – Subject to Protective Order"

Deposition testimony that contains Confidential Information may be designated as "Confidential" if counsel, the witness, or the Party or nonparty whose Confidential Information

is to be or was disclosed states on the record that the portion of the deposition is to be treated as Confidential Information. Additionally, a Party or nonparty may designate Confidential Information by notifying all Parties in a writing specifically identifying the portion(s) of the transcript to be marked "Confidential" within thirty (30) calendar days of the completion of the transcript of the deposition (as certified by the court reporter). After any written designation, each Party shall be responsible for marking copies of the deposition transcript in their possession with the label or stamp set forth in this Paragraph.

5. An inadvertent failure to designate documents and information as "Confidential" shall not constitute a waiver of a claim of confidentiality and may be corrected by prompt supplemental written notice designating the documents and information as "Confidential." The Designating Party and Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraph 4, with the Designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement. A written notice shall identify with specificity the information or documents that contain Confidential Information. In addition, if reasonably requested, the Party receiving the Confidential Information shall use its best efforts to retrieve any inadvertently disclosed Confidential Information from any persons to whom it gave Confidential Information and who are not otherwise entitled to see the Confidential Information.

6. An inadvertent production of information, documents, or tangible things that should have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity. In such an event, the producing Party shall request, in writing, within five (5) business days of learning of the inadvertent or mistaken

production, the return of all information for which a claim of inadvertent or mistaken production is made. Within ten (10) business days after receiving a written request to do so from the producing Party, the receiving Party shall return to the producing Party any documents or tangible items that the producing Party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving Party shall also destroy all extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information, and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information.

7. At any time after the designation of material as "Confidential," counsel for any Party may challenge the "Confidential" designation by providing written notice to counsel for the Designating Party of the documents being challenged and basis for the challenge. If the Designating Party does not agree to withdraw the "Confidential" designation, the challenge may be raised by a motion to the Court. The Parties agree to meet and confer in an effort to resolve the dispute before presenting it to the Court. The Designating Party bears the burden of justifying the "Confidential" designation and may oppose the motion challenging that designation. The Court is empowered to determine whether the "Confidential" designation applies. The "Confidential" designation shall be maintained until the Court rules on the motion.

8. Confidential Information may not be disclosed to any person other than:

    a. The Court and Court personnel, as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the Parties;

    b. Copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the action;

        c.        The Parties and their employees who have a need to know about the information;

        d.        In-house and outside attorneys for the Parties, and those attorneys' respective employees;

        e.        Court reporters and videographers transcribing or filming depositions or testimony involving Confidential Information;

        f.        Experts or consultants of a Party, provided the requirements of Paragraph 9 of this Order are met;

        g.        Insurers of the Parties and counsel for insurers of the Parties; and

        h.        A nonparty witness, who may be examined and may testify concerning Confidential Information, if it appears on its face or from other documents that the witness is the author or recipient of the Confidential Information or if there is a good faith, legitimate basis for examining the nonparty witness concerning the Confidential Information.

    9.        Before a Party discloses Confidential Information to any expert or consultant, the expert or consultant must certify that he or she has read this Order and agrees to be bound thereby by signing a copy of the "Certification," the form of which is attached hereto as Exhibit A.  Once a person who signed the Certification terminates his or her services in this litigation, he or she shall return all Confidential Information to the Party that retained him or her, or execute a written representation stating that the person has securely destroyed the Confidential Information.  Once a person has terminated services in this litigation, he or she will no longer be allowed access to Confidential Information unless he or she executes a new Certification.  Each Certification shall be retained by counsel who obtained it, and need not be produced to the Designating Party during the litigation, except as necessary in the case of a dispute concerning a

violation of this Order. Within ten (10) business days after the final conclusion of the litigation, whether by dismissal, judgment, or settlement, counsel retaining executed Certifications shall deliver to Designating Parties from whom they have obtained Confidential Information true and correct copies of all Certifications for use by Designating Parties to enforce the terms of this Order, or counsel shall retain the Certifications in its records and files consistent with its firm's document retention policies. By executing this Order, counsel agree to produce executed copies of the Certifications to the Designating Party within ten (10) business days upon receipt of a request. Experts and consultants shall not be allowed to retain copies of the Confidential Information, unless otherwise agreed or ordered.

10. Nothing in this Order shall prohibit a Party or its counsel from disclosing a document designated as "Confidential" to the author or recipient of the document, or to a person who was or is an officer, employee, or director of the same company as the author or recipient at the time it was sent or received.

11. Confidential Information shall be used only for the purposes of this action. Confidential Information shall not be used in any other litigation or proceeding absent a written agreement, signed by all of the Parties to this Order, or a court order.

12. Confidential Information shall not be disclosed or used by persons other than those permitted access under Paragraph 8.

13. Each individual who receives any Confidential Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

14. The recipient of any Confidential Information shall maintain the information in a secure and safe area, and in a manner which ensures that access to Confidential Information is

strictly limited to persons entitled to receive Confidential Information, in accordance with the provisions of this Order.

15. Only persons authorized to receive or view Confidential Information shall be permitted to attend portions of depositions during which Confidential Information is disclosed. During the course of a deposition, if the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or the Designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

16. Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any the testimony, that all information designated "Confidential" shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any testimony designated as "Confidential" will be retained in absolute confidence and safekeeping by the reporter or videographer or shall be delivered to an attorney of record or filed as suppressed with the Court. The Party who notices a deposition shall be responsible for notifying any court reporter or videographer of these obligations.

17. The Parties agree that, when filing or opposing a motion, counsel must file as suppressed any Confidential Information and any materials setting forth the substance of Confidential Information. The Parties also agree that any motion or attachment filed with the Court containing any Party's Social Security number will be filed with the Court as suppressed.

18. "Confidential Information" shall not include information or documents that are or become, without violating this Order and apart from production or disclosure in this litigation, a matter of public record or publicly available by law or otherwise, or that were already lawfully in

the possession of the receiving Party and were not acquired under any obligation of confidentiality.

19. Nothing in this Order shall prevent a Designating Party from using information it designates as "Confidential" in any manner it desires.

20. Nothing in this Order shall preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Confidential Information which that Party may consider appropriate.

21. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this litigation, including all appeals, unless otherwise agreed or ordered. Within thirty (30) days of the conclusion of the litigation, including time for all appeals, each Party shall destroy all Confidential Information provided by other Parties. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product that contain Confidential Information, provided they do not disclose the Confidential Information or use it for any purpose unrelated to this action, except as permitted by court order or agreement with the Designating Party. Similarly, insurers shall be entitled to retain Confidential Information, provided they do not disclose it or use it for any purpose unrelated to this action, except as permitted by court order or agreement with the Designating Party. Each Party shall certify in writing that all of the material has been destroyed and serve the certification on all other Parties within the time permitted for destruction.

22. If any Party or person subject to this Order receives a subpoena, court order, or other process demanding production of Confidential Information, that person or Party shall promptly notify the attorneys of the Designating Party of the document(s) sought by the

subpoena or order or other process, shall furnish those attorneys of record with a copy of the subpoena or order or other process, and shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected.  The Designating Party shall have the burden of defending against the subpoena, order, or other process.  The Party on whom the subpoena, order, or other process is served shall, once sufficient notice to all interested parties and a reasonable opportunity (but in no case less than ten (10) business days after notice) to object has been given, be entitled to comply with the subpoena, order, or other process, except to the extent the Designating Party has filed for or succeeded in obtaining an order modifying, staying, or quashing the subpoena, order, or other process, or to the extent the filing of the motion to modify, stay, or quash the subpoena, order, or other process stays the Party's obligation to comply with the request.  If the return or response date for the subpoena or the compliance date for any order is less than ten (10) business days after service, the Party receiving the subpoena or order shall:  (1) request an extension of the return or compliance date; and (2) advise the Designating Party immediately of the return or compliance date.

23. This Order shall not prejudice the right of any Party to oppose production of any information on any ground allowed under Colorado law.

24. Notwithstanding the provisions of this Order, a Party may disclose any information or documents to the extent required by state or federal law, the United States Securities and Exchange Commission, or any other judicial or regulatory body with jurisdiction over the Party.

25. By agreeing to this Order, the Parties have not waived any applicable privilege or work-product protection, nor does this Order affect any Party's ability to seek relief for inadvertent disclosure of privileged documents and information.

26. The agreement to the designation of Confidential Information in this Order does not constitute an admission as to the confidential nature and/or trade secret status of the information so designated. The designation of Confidential Information is not admissible before any trier of fact.

27. This Court retains jurisdiction even after termination of this action to enforce this Order and to make deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate. Any Party, may apply, before or after termination of this action, to the Court for a modification of this Order for good cause shown.

**IT IS SO ORDERED**, with the consent of the parties.

**DATED** this 17th day of February, 2015.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge

**STIPULATED, CONSENTED, and AGREED TO:**

*s/ Kenneth B. Siegel*
Kenneth B. Siegel
Nathaniel D. Buchheit
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
***Counsel for Defendant Valco, Inc.***

*s/ Theodore R. Tetzlaff*
Theodore R. Tetzlaff
James D. Benak
Tetzlaff Law Offices, LLC
227 W. Monroe Street, Suite 3650
Chicago, IL 60606
***Counsel for Plaintiff Continental Materials Corp.***

*s/ Norton Cutler*
Norton Cutler
Michael L. Bender
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado, 80202
***Counsel for Plaintiff Continental Materials Corp.***

**Exhibit A to Stipulated Protective Order Concerning Confidential Information**

**Certification**

I, _____ (print or type name) hereby certify that I have read the Stipulated Protective Order Concerning Confidential Information in the action entitled *Continental Materials Corp. v. Valco, Inc.*, Civil Action No. 1:14-cv-02510-RPM (D. Colo.), that I understand the terms and effect of that Order, and that I agree to be bound by it. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado, in connection with the Order.

I understand that all Confidential Information, as defined in the Order, including, any copies or notes or other transcriptions, shall be maintained in a secure manner and shall be returned upon the first of (1) termination of my services in this action, or (2) thirty (30) days following the termination of this litigation, including all appeals.

Date: _____       Signature: _____

Printed name: _____

Full Address: _____

_____